IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA

JENNIFER COUSINS, et al.
    Plaintiffs,

v.                                              Case No.: 6:22-1312

SCHOOL BOARD OF ORANGE COUNTY, et al.,
    Defendants.
_____/

## ATTORNEY GENERAL MOODY'S UNOPPOSED MOTION TO INTERVENE

Pursuant to Rule 24, Federal Rules of Civil Procedure and 28 U.S.C. § 2403(b) Attorney General Ashley Moody files this Unopposed Motion to Intervene to defend the constitutionality of House Bill 1557 (HB 1557 or the Act), which amends Section 1001.42(8)(c), Florida Statutes.

### BACKGROUND

On July 25, 2022, Plaintiffs filed a lawsuit alleging that HB 1557 violates their First Amendment right to free speech (Count I), their Fourteenth Amendment right to due process (Count II), and their Fourteenth Amendment right to Equal Protection (Count III). DE 1. The Defendants are the School Board of Orange County, the School Board of Indian River County, the School Board of Duval County, and the School of Board of Palm Beach County.

There is currently pending litigation in the Northern District of Florida which raises substantially similar claims challenging the constitutionality of HB 1557. *See* DE 14. That lawsuit was filed against multiple school boards, including the Orange County School

1

Board, and multiple State Defendants.[1] The State Defendants are represented by the Office of the Attorney General.

Here, the Attorney General is not a named Defendant and unless she is permitted to intervene, she cannot be ensured that the constitutionality of the challenged law will be vigorously defended. As the Attorney General of the State, she has strong interest in defending the constitutionality of this duly enacted law. As such, the Attorney General seeks to intervene in this action.

## MEMORANDUM OF LAW

A. <u>The Attorney General should be permitted to intervene as a matter of right pursuant to Rule 24(a)(1) and 28 U.S.C. 2403(b)</u>

Rule 24(a)(1), Federal Rule of Civil Procedures provides that the court must permit intervention by anyone who is "given an unconditional right to intervene by a federal statute." Fed. R. Civ. P. 24(a). The Attorney General has the right to intervene in this matter pursuant to 28 U.S.C. § 2403(b), which provides:

> In any action, suit, or proceeding in a court of the United States to which a State or any agency, officer, or employee thereof is not a party, wherein the constitutionality of any statute of that State affecting the public interest is drawn in question, the court shall certify such fact to the attorney general of the State, and shall permit the State to intervene for presentation of evidence, if evidence is otherwise admissible in the case, and for argument on the question of constitutionality. The State shall, subject to the applicable provisions of law, have all the rights of a party and be subject to all liabilities of a party as to court costs to the extent necessary for a proper presentation of the facts and law relating to the question of constitutionality.

Under this statute, the Attorney General shall be permitted to intervene as a matter

---

[1] One of the State Defendants was voluntarily dismissed by the Plaintiffs.

of right to defend the constitutionality of HB 1557. The Act clearly implicates "public interest" as it relates to the welfare of students in Florida's schools.

There is currently no agency, officer, or employee of the State defending the constitutionality of HB 1557. School boards are inherently local entities. Article IX, section 4(b), of Florida's Constitution provides that "each county shall constitute a school district" and that in each district there "shall be a school board composed of five or more members chosen by vote of the electors." Importantly, those members are elected by the electors in their district. As such, school boards represent the local communities in which they operate. Because Florida school boards are not state actors, they are also not entitled to Eleventh Amendment immunity. *Campbell v. Gadsden Cnty. Dist. Sch. Bd.*, 534 F.2d 650, 656 (5th Cir. 1976) (finding that a Florida county school board was not entitled to immunity because it was locally controlled, essentially local in character, and any funds to defray an award would not be derived primarily from the State treasury).

Given, that there is no state actor, the State cannot be ensured that its interest in defending HB 1557 will be met unless the Attorney General is allowed to intervene. Rule 5.1, Federal Rules of Civil Procedure, provides a procedural mechanism for the Attorney General to intervene in these circumstances. The Rule allows the Attorney General to intervene within 60 days of the filing of a notice of constitutional challenge or of the Court's certification of the challenge. *See* Fed. R. Civ. P. 5.1(a), (c). Here, while neither a notice nor certification was issued, the Attorney General has sought intervention well within the 60-day time period. Therefore, the Attorney General should be allowed to intervene pursuant to Rule 24(a)(1) or independently through 28 U.S.C. 2403(b).

### B. The Attorney General should be permitted to intervene as a matter of right pursuant to Rule 24(a)(2).

Rule 24(a)(2) requires intervention on timely motion to anyone who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fla. R. Civ. P. 24(a)(2). The burden of showing adequacy of representation is "minimal" and the intervener need only show that the representation "may be inadequate." *Stone v. First Union Corp.*, 371 F.3d 1305, 1311 (11th Cir. 2004).

In determining whether a motion to intervene is timely, courts must consider: (1) the length of time during which the proposed intervenor knew or reasonably should have known of its interest in the case before moving to intervene; (2) the extent of prejudice to the existing parties as a result of the proposed intervenor's failure to move for intervention as soon as it knew or should have known about its interest; (3) the extent of prejudice to the proposed intervenor if the motion is denied; and (4) the existence of unusual circumstances militating either for or against a determination that the motion to intervene was timely. *Georgia v. U.S. Army Corp. of Eng'rs*, 302 F.3d 1242, 1259 (11th Cir. 2002).

Here, the Attorney General has a direct, substantial, and legally protectable interest in the enforceability of Florida's laws and the intervention factors support her request to intervene as a matter of right. First, the Attorney General is the "chief state legal officer." Fla. Const. Art. IV, § 4(b). She has the authority to intervene in cases "in which the state may be a party, or in anywise interested." Fla. Stat. § 16.01(4)-(5). All three counts of the Complaint challenge the constitutionality of HB 1557, which was duly enacted into law by the Florida Legislature, and the State "clearly has a legitimate interest

in the continued enforceability of its own statutes." *Maine v. Taylor*, 477 U.S. 131, 137 (1986). As such, its "opportunity to defend its laws in federal court should not be lightly cut off." *Cameron v. EMW Women's Surgical Ctr., P.S.C.*, 142 S. Ct. 1002, 1011 (2022).

Second, intervention is necessary to protect the State's interests. The school boards are comprised of locally elected, county officials who are not clothed with the authority to intervene in cases in which the State may be "in anywise interested." *Cf.* Fla. Stat. § 16.01(4)-(5). That authority lies with the Attorney General. Taking into account state sovereignty, including the authority vested in the Attorney General, the court should permit intervention. *See Cameron*, 142 S. Ct at 1011 (permitting intervention by Kentucky's Attorney General where another state entity was a named party on the basis that the Attorney General is the "chief law officer" and has the authority to represent Kentucky "in all cases.").

While the school boards are required to comply with Florida laws, they may not have an independent stake in whether any particular law is constitutional. For example, in the companion case filed in the Northern District of Florida, the School Board of Miami-Dade County filed an Answer taking no position on the plaintiffs' claims challenging the constitutionality of HB 1557 or as to their co-defendants' defenses. DE 64,*Equality Florida v. DeSantis*, Case No. 4:22-CV-00134-AW-MJF (June 27, 2022). Rather, it simply stated that it would abide by any final judgment. *Id*. This demonstrates why, absent intervention, the State cannot be assured that a robust defense to the constitutionality of HB 1557 will be provided.

Third, the Attorney General is seeking to intervene in a timely manner. The Complaint was filed on July 25, 2022. The Defendants responses to the Complaint are

not due until September 30, 2022. *See* DE 33. Plaintiffs recently filed a Motion for Preliminary Injunction. The Attorney General has filed her proposed opposition to the Motion for a Preliminary Injunction contemporaneously with this Motion to Intervene, and thus the Attorney General will not delay the litigation on the preliminary injunction or otherwise. Given the early stage of these proceedings, intervention would not cause delay or prejudice to the parties.

> C. Alternatively, the Attorney General should be allowed to intervene by permission pursuant to Rule 24(b)(1).

Rule 24(b)(1) permits intervention on timely motion by anyone who: "(A) is given a conditional right to intervene by a federal statute; or (B) has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1). "In exercising its discretion," a court "must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). The requirement of having a common question of law or fact is "construed liberally." *In re Estelle*, 516 F.2d 480, 485 (5th Cir. 1975). The intervener does not need to have a "direct or pecuniary interest in the subject of the litigation." *Id*. (citing *SEC v. U.S. Realty & Improvement Co.*, 310 U.S. 434, 459 (1940)).

The Attorney General's defense of HB 1557 involves a common question of law or fact. Both "the main action" and the Attorney General's defense center on whether HB 1557 is constitutional. The State has a compelling interest in the outcome of this action, *i.e.*, the enforceability of a duly enacted statute. And, as discussed above, the Attorney General sought to intervene in a timely manner; allowing intervention would not unduly delay or prejudice the adjudication of these proceedings; and the Attorney General would suffer prejudice if not permitted to intervene to provide a robust defense to the

6

constitutionality of HB 1557.

Rule 24 requires the intervenor to file a "pleading" along with the motion to intervene. However, as construed by the Eleventh Circuit and this Court, the Rule does not require the filing of a pleading as defined by Rule 7, Federal Rules of Civil Procedure. Rather, this Court and the Eleventh Circuit have permitted intervention when the movant makes their position, claim, or relief sought clear so as not to prejudice the parties. *See Piambino v. Bailey*, 757 F.2d 1112, 1121 (11th Cir. 1985) (finding that Rule 24's pleading requirement is satisfied where the intervenor's position was clear); *Danner Const. Co. v. Hillsborough Cnty.*, No. 809-CV-650-T-17TBM, 2009 WL 2525486, at *2 (M.D. Fla. Aug. 17, 2009) (finding that the filing of a motion to dismiss satisfied Rule 24(c) as it placed the plaintiff on notice of the intervenor's position, claim, and relief sought and therefore did not prejudice plaintiff); *WJA Realty Ltd. P'ship v. Nelson*, 708 F. Supp. 1268, 1272 (S.D. Fla. 1989) (finding that a motion for permanent injunction satisfied Rule 24's requirement as it provided adequate notice of the intervenor's position and desired relief).

Here, the Attorney General includes its proposed response in opposition to Plaintiffs' Motion for Preliminary Injunction, which seeks preliminary relief on the claims alleged in Plaintiffs' Complaint. The response fairly places the parties on notice of the Attorney General's position in this case.[2]

---

[2] Furthermore, the Motion to Dismiss filed by the State Defendants in the *Equality Florida* matter provides insight into the Attorney General's position as to the constitutionality of HB 1557.

**REQUEST FOR RELIEF**

**WHEREFORE**, Attorney General Moody respectfully requests the Court allow her to intervene in her official capacity as the Florida Attorney General for the purpose of defending the constitutionality of HB 1557.

Respectfully submitted,

ASHLEY MOODY
ATTORNEY GENERAL

/s/ Henry C. Whitaker
Henry C. Whitaker (FBN 1031175)
SOLICITOR GENERAL
*Lead Counsel

Jeffrey Paul DeSousa (FBN 110951)
CHIEF DEPUTY SOLICITOR GENERAL

Anita Patel (FBN 70214)
ASSISTANT ATTORNEY GENERAL

Bilal Faruqui (FBN 15212)
ASSISTANT ATTORNEY GENERAL

Office of the Attorney General
The Capitol, Pl-01
Tallahassee, Florida 32399-1050
(850) 414-3300
(850) 410-2672 (fax)
Henry.whitaker@myfloridalegal.com

*Counsel for Attorney General Ashley Moody*

## **LOCAL RULE 3.01(g) CERTIFICATION**

Pursuant to Local Rule 3.01(g), the undersigned counsel conferred with counsel for the Plaintiffs and counsel for each Defendant on August 30, 2022 all of whom indicated that they do not oppose intervention by the Attorney General.

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was filed with the Court's CM/ECF system, which provides notice to all parties, on this 2nd day of September, 2022.

*/s/ Henry C. Whitaker*