**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

JENNIFER COUSINS, et. al.,

    *Plaintiffs*,

vs.

SCHOOL BOARD OF ORANGE COUNTY, FLORIDA, et. al.

    *Defendants*.

Case No. 6:22-cv-1312-WWB-LHP

**JOINT NOTICE REGARDING EVIDENTIARY HEARING**
**ON PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

Plaintiffs Jennifer Cousins, Matthew Cousins, P.C., M.C., S.C., and N.C., Will Larkins, David Dinan, Vikranth Reddy Gongidi, K.R.D., R.R.D., and CenterLink, Inc. (collectively, the "***Plaintiffs***"), together with Defendants The School Board of Orange County, Florida, The School Board of Indian River County, Florida, The Duval County School Board, and The School Board of Palm Beach County, Florida (collectively, the "***Defendants***," and together with the Plaintiffs, the "***Parties***"), by and through undersigned counsel, hereby file this Joint Notice in connection with the *Plaintiffs' Motion for Preliminary Injunction and Memorandum of Law* [ECF 45] (the "***Motion***").[1] In compliance with this Court's Order [ECF 47] (the "***Order***"), the Parties state as follows:

**RELEVANT BACKGROUND**

1. On August 26, 2022, Plaintiffs filed the Motion, seeking a preliminary

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

injunction. Plaintiffs requested oral argument and an evidentiary hearing with regard to the Motion [ECF 46].

2. On August 29, 2022, the Court entered the Order, directing the Parties to file a joint notice informing the Court if an evidentiary hearing is necessary in this matter.

3. On September 6, 2022, the Parties held a joint conference and discussed, among other things, whether an evidentiary hearing is necessary. Plaintiffs assert that an evidentiary hearing is necessary for the resolution of this matter. Defendants assert that an evidentiary hearing is not necessary in this matter. Set forth below are the respective positions of Plaintiffs and Defendants as to the need for an evidentiary hearing.

**PLAINTIFFS' POSITION REGARDING EVIDENTIARY HEARING**

4. Plaintiffs believe that an evidentiary hearing is necessary for the resolution of the Motion because there are disputed material facts. Plaintiffs request that the Court hold an evidentiary hearing on the Motion to assist the Court in assessing the limited issues of material fact in dispute discussed below. Defendants and proposed intervener, Attorney General Ashley Moody, ask this Court to reject the harms enunciated by children and families without giving them the opportunity to attest to the reasonable harm they have suffered. A short hearing will assist the Court in assessing the claim of these students and families.

5. Defendant DCPS submitted a declaration that specifically disputes the facts Plaintiffs set forth with regard to CenterLink member JASMYN's harm.

6. Plaintiffs anticipate calling witnesses at an evidentiary hearing, who will be amongst the following individuals: (a) Cindy Watson; (b) David Dinan; (c) Jennifer Cousins; (d) Will Larkins; and (e) J. Michael Woods. Plaintiffs estimate that the requested

2

hearing will last no more than one day.

7. Plaintiffs state that the following issues of material fact are in dispute:

a. Whether and to what extent DCPS's obligation to comply with HB 1557 and DCPS's actions to ensure compliance with HB 1557 have interfered and continue to interfere with JASMYN's mission and its ability to perform under its DASH subcontract, including whether DCPS has altered any of its practices with JASMYN since the passage of HB 1557.

b. Whether Plaintiffs have been harmed by HB 1557 and will face irreparable injury unless an injunction issues.

c. Whether HB 1557 causes a reasonable fear that chills protected expression.

8. Plaintiffs believe an evidentiary hearing on the Motion is necessary. However, if no evidentiary hearing is granted, Plaintiffs renew their request for oral argument, as indicated in the Motion.

## **DEFENDANTS' POSITION REGARDING EVIDENTIARY HEARING**

9. **Duval County School Board**: An evidentiary hearing is not necessary because the declaration attached to the DCSB's response did not raise any new issues of fact. Neither CenterLink nor JASMYN has ever alleged DCPS breached its contract with JASMYN or failed to perform any of its contractual duties. Even if "DCPS had altered any of its practices with JASMYN since the passage of HB 1557," (¶ 7.a.) such would not be relevant. There is nothing that prevents DCPS from altering its practices. Any factual issues Plaintiffs would like to raise in response to DCPS's declaration can be done through a supplemental declaration; live testimony is not needed.

Whether Plaintiffs have been harmed by HB 1557 or had their speech chilled by HB 1557 is irrelevant to DCPS since DCPS did not cause this purported harm. It neither wrote nor passed HB 1557. Therefore, an evidentiary hearing will provide no benefit to the Court on this point since no harm could be traceable to DCPS.

Should the Court schedule an evidentiary hearing, DCPS requests the ability to do limited discovery in advance of the hearing.

10.   **Palm Beach County School Board:** An evidentiary hearing is unnecessary as to Palm Beach based on the arguments in Palm Beach's response in opposition to the motion for preliminary injunction. Plaintiffs only cite two material facts purportedly in dispute that might pertain to Palm Beach, 7.b. and 7.c. But those "facts" are not stated with any particularity at all.

In any event, 7.b. is "[w]hether Plaintiffs have been harmed by HB 1557 and will face irreparable injury unless an injunction issues." For whether Plaintiffs have been "harmed" by HB 1557, Palm Beach did not submit opposing affidavits or declarations to demonstrate some factual disagreement between the parties or credibility issues. Rather, Palm Beach explained how Plaintiffs' evidentiary submissions, taken at face value, failed to establish the standing of CenterLink, Inc., the only Plaintiff that would possibly have a claim against Palm Beach. And Palm Beach did not offer any specific argument on irreparable injury at all.

7.c. is "[w]hether HB 1557 causes a reasonable fear that chills protected expression." To the extent that Palm Beach has disputed anything on this point, it is the "reasonableness" of the fear rather than the existence of the fear. The reasonableness standard is an objective one, however. *Am. C.L. Union v. The Fla. Bar*, 999 F.2d 1486,

4

1492 n.13 (11th Cir. 1993). Additional evidence is not needed for this Court to resolve the reasonableness issue.

In the event that the Court schedules an evidentiary hearing, Palm Beach requests the opportunity to conduct limited discovery, namely to depose any witnesses identified by Plaintiffs in advance of the hearing.

11. **Orange County School Board:** Orange County School Board has not submitted any affidavits or declarations in response to Plaintiff's submitted evidence. Rather, OCSB's argument in opposition to the Motion is purely legal: the plaintiffs seeking to enjoin OCSB from implementing H.B. 1557 have not met their threshold burden of establishing standing on the factual record *they have presented*. An evidentiary hearing is not necessary because, as to OCSB, there are no disputed facts that the Court would need to resolve on the jurisdictional issues raised by OCSB. OCSB tests the sufficiency of Plaintiffs' submitted evidence. For example, OCSB argues that Plaintiffs' allegations of harm do not establish a cognizable injury that is causally connected to OCSB's implementation of H.B 1557. The Court does not need to hear additional evidence to rule upon these issues.

12. **Indian River County School Board**:  Plaintiffs assert that there are material facts in dispute. Plaintiffs have not identified with particularity any disputed issue of material fact or credibility determination that they expect might impact the resolution of the Motion – certainly not as it relates to their claims against the SBIRC.

Plaintiffs suggest that "Defendants" – presumably including the SBIRC – have asked this Court "to reject the harms enunciated by children and families without giving them the opportunity to attest to the reasonable harm they have suffered." Respectfully,

5

the SBIRC has done no such thing. Rather, in its response to Plaintiffs' motion for preliminary injunction, the SBIRC identified several reasons why Plaintiffs' motion does not establish entitlement to the extraordinary relief they seek against the SBIRC. None of the SBIRC's arguments were novel or unexpected. Plaintiffs have already had ample opportunity to present evidence and argument to support their position, and have not provided any basis for their request to provide additional evidence at hearing.

SBIRC respectfully requests that this Court decline Plaintiffs' request for an evidentiary hearing and/or oral argument.

13.     **Attorney General**: Proposed Intervenor-Defendant Attorney General Moody does not believe that an evidentiary hearing is necessary. Plaintiffs only posit three "contested" facts. But the Attorney General put in no evidence on those issues because her argument is legal, not factual. If, however, the Court is inclined to hear evidence, then the Attorney General requests that the hearing be set at such a time as can accommodate pre-hearing depositions of any witness Plaintiffs intend to call.  The Attorney General requests that those depositions not count towards the number and time limitation for depositions under Rule 30.  If Plaintiffs intend to develop evidence beyond what was stated in their supporting declarations, then the Attorney General should have a chance to hear that evidence before the evidentiary hearing. Likewise, if the Court desires oral argument, the Attorney General would like to participate.

6

Dated: September 6, 2022

**ATTORNEYS FOR PLAINTIFFS:**

**By: /s/ Debra Dandeneau**
Debra Dandeneau, Esq. (FBN 978360)
L Andrew S. Riccio, Esq. (FBN 91978)
Baker McKenzie LLP
452 Fifth Avenue
New York, NY 10018
(212) 626-4100
debra.dandeneau@bakermckenzie.com
andrew.riccio@bakermckenzie.com

-And-

Angela Vigil, Esq. (FBN 38627)
Baker McKenzie LLP
1111 Brickell Avenue
Suite 1700
Miami, FL 33131
(305) 789-8900
angela.vigil@bakermckenzie.com
**BAKER MCKENZIE LLP**


**By: /s/ Camilla B. Taylor**
Camilla B. Taylor, Esq.
Pro Hac Vice granted
Lambda Legal Defense and Education Fund, Inc.
Midwestern Regional Office
65 E. Wacker Pl., Suite 2000
Chicago, IL, 60601
(312) 663-4413
ctaylor@lambdalegal.org

-And-

Paul D. Castillo, Esq.
Pro Hac Vice granted
Lambda Legal Defense and Education Fund, Inc.
South Central Regional Office
3500 Oak Lawn Ave., Ste. 500
Dallas, TX 75206

Respectfully submitted,

**ATTORNEYS FOR DEFENDANTS:**

**By: /s/ Amy D. Envall**
Amy D. Envall, Esq.
Office of Legal Services
Orange County Public Schools
445 W. Amelia Street
Orlando, FL 32801
(407) 317-3411 telephone
(407) 317-3348 facsimile
Amy.envall@ocps.net

- And -

**By: /s/ Howard S. Marks**
Howard S. Marks, Esq. (Lead Counsel)
Sheena A. Thakrar, Esq.
Burr & Forman LLP
200 South Orange Ave.
Suite 800
Orlando, FL 32801
(407) 540-6600 Telephone
(407) 540-540-6601 Facsimile
hmarks@burr.com
sthakrar@burr.com
echaves@burr.com
mjett@burr.com
**ATTORNEYS FOR THE SCHOOL BOARD OF ORANGE COUNTY, FLORIDA**

**By: /s/ Matthew J. Carson**
SNIFFEN & SPELLMAN, P.A.
Matthew J. Carson, Esq. (Lead Counsel)
Terry J. Harmon, Esq.
Robert J. Sniffen, Esq.
Jeffrey D. Slanker, Esq.
123 N Monroe Street
Tallahassee, FL 32301
(850) 205-1996 Telephone
(850) 205-3004 Facsimile
mcarson@sniffenlaw.com
tharmon@sniffenlaw.com
rsniffen@sniffenlaw.com
jslanker@sniffenlaw.com

Case 6:22-cv-01312-WWB-LHP   Document 59   Filed 09/06/22   Page 8 of 10 PageID 578

(214) 219-8585
pcastillo@lambdalegal.org

-And-

Kell L. Olson, Esq.
Pro Hac Vice granted
Lambda Legal Defense and Education Fund, Inc.
Western Regional Office
4221 Wilshire Boulevard, Suite 280
Los Angeles, CA 90010-3512
(213) 382-7600
kolson@lambdalegal.org
**LAMBDA LEGAL DEFENSE AND EDUCATION FUND, INC.**


*By: /s/ Jennifer Vail*
Jennifer Vail, Esq.
Pro Hac Vice granted
Southern Poverty Law Center
400 Washington Avenue
Montgomery, AL 36104
jennifer.vail@splcenter.org

-And-

Bacardi Jackson, Esq. (FBN 47728)
Scott McCoy, Esq. (FBN 1004965)
Sam Boyd, Esq. (FBN 1012141)
Southern Poverty Law Center
2 Biscayne Boulevard, Suite 3750
Miami, FL 33131
bacardi.jackson@splcenter.org
scott.mccoy@splcenter.org
sam.boyd@splcenter.com
**SOUTHERN POVERTY LAW CENTER**


*By: /s/ Simone Chriss*
Simone Chriss, Esq. (FBN 124062)
Jodi Siegel, Esq. (FBN 511617)
Southern Legal Counsel, Inc.
1229 NW 12th Avenue
Gainesville, FL 32601

**ATTORNEYS FOR THE SCHOOL BOARD OF INDIAN RIVER COUNTY, FLORIDA**

*By: /s/ Jon Robert Phillips*
Jon Robert Phillips, Esq. (Lead Counsel)
Laura Boeckman, Esq.
Office of General Counsel
City of Jacksonville
117 West Duval Street
Suite 480
Jacksonville, FL 32202
(904) 255-5100 Telephone
(904) 255-5120 Facsimile
jphillips@coj.net
lboeckman@coj.net
cstephenson@coj.net
**ATTORNEYS FOR THE SCHOOL BOARD OF DUVAL COUNTY, FLORIDA**

*By: /s/ A. Patricia Morales*
A. Patricia Morales, Esq.
Erik Bell, Esq.
Sean Fahey, Esq.
Office of the General Counsel
Palm Beach County School District
3318 Forest Hill Blvd., C-331
West Palm Beach, FL 33406
(561) 434-8750
Anna.morales@palmbeachschools.org
jon.bell@palmbeachschools.org
Sean.fahey@palmbeachschools.org
**ATTORNEYS FOR THE SCHOOL BOARD OF PALM BEACH COUNTY, FLORIDA**

*By: /s/ Anita J. Patel*
Henry Charles Whitaker (Lead Counsel)
Anita J. Patel
Bilal Ahmed Faruqui
PL-01 The Capitol
Tallahassee, FL 32399
Henry.whitaker@myfloridalegal.com
Anita.Patel@myfloridalegal.com
Bilal.Faruqui@myfloridalegal.com
**FLORIDA ATTORNEY GENERAL'S OFFICE**

8

(352) 271-8890
simone.chriss@southernlegal.org
jodi.siegel@southernlegal.org
**SOUTHERN LEGAL COUNSEL, INC.**

9

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 6, 2022, I electronically served the foregoing document on all counsel of record or pro se parties identified on the attached Service List through the Court's CM/ECF filing system.

By: */s/ Debra A. Dandeneau*
      Debra A. Dandeneau