# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

JENNIFER COUSINS, MATTHEW
COUSINS, P.C., M.C., S.C., N.C.,
WILL LARKINS, DAVID DINAN,
VIKRANTH REDDY GONGIDI,
K.R.D., R.R.D. and CENTERLINK,
INC.,

        Plaintiffs,

v.                                    Case No:   6:22-cv-1312-WWB-LHP

THE SCHOOL BOARD OF ORANGE
COUNTY, FLORIDA, THE SCHOOL
BOARD OF INDIAN RIVER
COUNTY, FLORIDA, THE SCHOOL
BOARD OF DUVAL COUNTY,
FLORIDA, THE SCHOOL BOARD OF
PALM BEACH COUNTY, FLORIDA
and ATTORNEY GENERAL OF
FLORIDA,

        Defendants

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** ATTORNEY GENERAL MOODY'S UNOPPOSED MOTION TO INTERVENE (Doc. No. 51)
>
> **FILED:** September 2, 2022

> **THEREON** it is **ORDERED** that the motion is **GRANTED**.

On July 25, 2022, Plaintiffs, a group of parents, students, and a non-profit organization ("Plaintiffs"), filed a complaint against various school boards located within the Middle District of Florida challenging the constitutionality of Florida Statute § 1001.42(8)(c) ("HB 1557").  Doc. No. 1.  On August 26, 2022, Plaintiffs moved for preliminary injunctive relief, which remains pending before the Presiding District Judge.  Doc. No. 45; *see also* Doc. Nos. 49-50, 52, 54-55, 59.

On September 2, 2022, the Attorney General for the State of Florida, Ashley Moody, filed the above-styled motion seeking to intervene in this case in her official capacity for the purpose of defending the constitutionality of HB 1557.  Doc. No. 51.  Attorney General Moody moves for intervention as a matter of right pursuant to Federal Rule of Civil Procedure 24(a) and 28 U.S.C. § 2403(b), and in the alternative, for permissive intervention under Rule 24(b).  *Id.*  The motion is unopposed.  *Id.*, at 9.

Section 2403(b) provides, in part, that intervention is appropriate "[i]n any action . . . to which a State or any agency, officer, or employee thereof is not a party, wherein the constitutionality of any statute of that State affecting the public interest is drawn into question[.]"  28 U.S.C. § 2403(b).  The Attorney General argues that the four school boards named as Defendants are considered local governmental

entities, and therefore there are no state actors involved in this case. Doc. No. 51, at 3. The Court is not so sure. *See Edelman v. Jordan*, 415 U.S. 651, 667 n.12 (1974) ("[A] county does not occupy the same position as a State for purposes of the Eleventh Amendment . . . . [W]hile county action is generally state action for purposes of the Fourteenth Amendment, a county defendant is not necessarily a state defendant for purposes of the Eleventh Amendment."). Here, Plaintiffs are seeking relief pursuant to 42 U.S.C. § 1983, they allege that the school boards are "persons acting under color of state law," and they allege violations of their First and Fourteenth Amendment rights. *See* Doc. No. 1. And other than attorneys' fees and costs, Plaintiffs are not seeking any retrospective or prospective monetary relief. *See, e.g., Campbell v. Gadsden Cnty. Dist. Sch. Bd.*, 534 F.2d 650, 655–56 (5th Cir. 1976) (finding school boards are not entitled to Eleventh Amendment immunity for purposes of claims seeking retrospective monetary relief where the school board is locally funded and locally controlled). Thus, the Court is not convinced that 28 U.S.C. § 2403(b) authorizes intervention.

Attorney General Moody also seeks intervention as of right pursuant to Federal Rule of Civil Procedure 24(a)(2). A court must allow a party to intervene when the proposed intervenor "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its

- 3 -

interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). The Eleventh Circuit has translated the rule into a four-factor requirement—(1) the application must be timely, (2) the proposed intervenors must have an "interest relating to the property or transaction which is the subject of the action," (3) the proposed intervenors must be "so situated that the disposition of the action, as a practical matter, may impede [their] ability to protect that interest"; and (4) their interest must be "represented inadequately by the existing parties to the suit." *Stone v. First Union Corp.*, 371 F.3d 1305, 1308–09 (11th Cir. 2004) (citations omitted). *See also Purcell v. BankAtlantic Fin. Corp.*, 85 F.3d 1508, 1512 (11th Cir. 1996) (citations omitted).

Upon review, the Court finds that Attorney General Moody has satisfied the requirements of Rule 24(a)(2). The application is timely, it was filed less than six (6) weeks after the complaint was filed, and prior to the deadline for any Defendant to respond to the complaint. There is no prejudice to any existing party by allowing intervention – the deadline to respond to the complaint is September 30, 2022, Attorney General Moody has already filed a proposed response to the pending motion for preliminary injunction (and no hearing has yet been set), and no party opposes intervention. *See Chiles v. Thornburgh*, 865 F.2d 1197, 1213 (11th Cir. 1989). The Court further finds that Attorney General Moody has a "direct, substantial, legally protectible interest in the proceedings," namely determining the

constitutionality of HB 1557 and enforcing Florida's laws. *See* Doc. No. 51, at 4-5. In addition, Attorney General Moody's ability to protect this interest may be impeded if intervention is not permitted. Last, while there is a question as to whether the school boards can adequately represent this interest, given the lack of opposition, it is undisputed that Attorney General Moody is in the best position to defend and enforce the State of Florida's laws.

Moreover, even if Attorney General Moody failed to establish intervention as a matter of right, the Court "may permit anyone to intervene who: . . . has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). District courts have broad discretion to grant or deny permissive intervention. *Chiles*, 865 F.2d at 1213 (citing *Sellers v. United States*, 709 F.2d 1469, 1471 (11th Cir. 1983)). The Court finds that permissive intervention would also be appropriate here, particularly given that intervention would not unduly delay or prejudice the adjudication of the original parties' rights. *See* Fed. R. Civ. P. 24(b)(3). As noted above, this case is in its infancy, the motion for preliminary injunctive relief remains pending, and the deadline to respond to the complaint has not yet passed. Adding Attorney General Moody at this early stage of the case is unlikely to cause additional or significant delay. The lack of opposition supports this finding.

Accordingly, Attorney General Moody's Unopposed Motion to Intervene (Doc. No. 51) is **GRANTED**. The response to the motion for preliminary injunction (Doc. No. 52) shall be deemed timely filed and will be considered as appropriate. The Clerk is **DIRECTED** to add Attorney General Moody as an Intervenor-Defendant in this case. Attorney General Moody shall file a response to the complaint (Doc. No. 1) on or before **September 30, 2022**.

**DONE** and **ORDERED** in Orlando, Florida on September 12, 2022.

*[Signature: Leslie Hoffman Price]*

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties