UNITED STATE DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| JENNIFER COUSINS *et al.*,<br><br>    Plaintiffs,<br><br>vs.<br><br>THE SCHOOL BOARD OF ORANGE COUNTY, FLORIDA *et al.*,<br><br>    Defendants. | Case No. 6:22-cv-1312-WWB-LHP |

## UNIFORM CASE MANAGEMENT REPORT

This case management report is submitted to "secure the just, speedy, and inexpensive determination of" this action. *See* Fed. R. Civ. P. 1. Pursuant to Local Rule 3.02(a)(2), the parties to this action and proposed intervenor-defendant conferred on September 6, 2022. The Defendants believe discovery should be stayed until resolution of their forthcoming motions to dismiss, but have agreed to the below discovery schedule to comply with the Rules. Defendants intend to file a motion to stay discovery. Plaintiffs believe that this schedule should be revised depending on the outcome of their pending motion for preliminary injunction, but have agreed to the below discovery schedule to comply with the Rules. The parties have agreed on the following dates and discovery plan pursuant to Federal Rule of Civil Procedure 26(f):

1

# CASE MANAGEMENT REPORT

1. **Date and Attendees**

   The parties conducted the planning conference on 9/6/2022. Angela Vigil, Bilal Faruqui, Laura Boeckman, Howard Marks, Sheena Thakrar, Anita Patel, Jennifer Vail, Jessica Stone, Jodi Siegel, Kell Olson, Matthew Carson, Richard Solow, Reginald Sainvil, Sean Fahey, and Simone Chriss attended the conference.

2. **Deadlines and Dates**

   The parties request these deadlines and dates:

| Action or Event | Date |
|---|---|
| Deadline for providing mandatory initial disclosures. *See* Fed. R. Civ. P. 26(a)(1). | 9/30/2022 |
| Deadline for moving to join a party, *see* Fed. R. Civ. P. 14, 19, and 20, or amend the pleadings, *see* Fed. R. Civ. P. 15(a). | 9/30/2022 |
| Plaintiffs' deadline for disclosing any expert report. *See* Fed. R. Civ. P. 26(a)(2). | 2/28/2023 |
| Defendants' deadline for disclosing any expert report. | 3/29/2023 |
| Deadline for disclosing any rebuttal expert report. | 4/10/2023 |
| Deadline for completing discovery and filing any motion to compel discovery. *See* Fed. R. Civ. P. 37; *Middle District Discovery* (2021). | 5/31/2023 |
| Deadline for moving for class certification, if applicable. *See* Fed. R. Civ. P. 23(c). | N/A |
| Deadline for filing any dispositive or *Daubert* motion. *See* Fed. R. Civ. P. 56. (Must be at least five months before requested trial date.) <br><br> Daubert motions will be due on July 30, 2023 – the same day as any response to dispositive motions. | 6/30/2023 |

| | |
|---|---|
| Deadline for participating in mediation. *See* Local Rules, ch. 4.<br><br>The Defendants and proposed intervenor-defendant request that mediation be waived in this matter since this is a constitutional issue that is not conducive to mediation.  Plaintiffs do not agree to waive mediation | |
| Date of the final pretrial meeting. *See* Local Rule 3.06(a). | 11/1/2023 |
| Deadline for filing the joint final pretrial statement, any motion in limine, proposed jury instructions, and verdict form. *See* Local Rule 3.06(b). (Must be at least seven days before the final pretrial conference.) | 11/8/2023 |
| Date of the final pretrial conference. *See* Fed. R. Civ. P. 16(e); Local Rule 3.06(b). | 11/15/2023 |
| Month and year of the trial term. | 12/2023 |

The trial will last approximately 7 days and be

☐ jury.

☒ non-jury.  Plaintiffs agree to mark "non-jury" here because Defendants have not consented to Plaintiffs' request for a jury trial, but Plaintiffs reserve their right to file an amended complaint that adds a claim for damages and renews their demand for a jury trial.

3.  **Description of the Action**

Plaintiffs are challenging the constitutionality of Florida Statute § 1001.42(8)(c) (2022) ("***HB 1557***").  Plaintiffs assert that HB 1557 violates the First Amendment because it impermissibly chills the exercise of Plaintiffs' constitutionally protected speech, based on the content and viewpoint of their speech.  Plaintiffs also assert that HB 1557 violates the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the U.S. Constitution because HB 1557 is unconstitutionally vague such that it authorizes discriminatory enforcement and it discriminates against students and parents based on sex, sexual orientation, gender identity, and transgender status, both facially and as applied.  Plaintiffs seek a declaratory judgment and preliminary and permanent injunctive relief enjoining enforcement of HB 1557.

3

4. **Disclosure Statement**

☒ The parties have filed their disclosure statements as required by Federal Rule of Civil Procedure 7.1 and Local Rule 3.03.

5. **Related Action**

☒ The parties acknowledge their continuing duty under Local Rule 1.07(c) to notify the judge of a related action pending in the Middle District or elsewhere by filing a "Notice of a Related Action." No notice need be filed if there are no related actions as defined by the rule.

6. **Consent to a Magistrate Judge**

☐ The parties do consent and file with this case management report a completed Form AO 85 "Notice, Consent, and Reference of a Civil Action to a Magistrate Judge," which is available on the Court's website under "Forms."

☒ The parties do not consent.

7. **Preliminary Pretrial Conference**

☒ The parties do not request a preliminary pretrial conference before the Court enters a scheduling order.

☐ The parties do request a preliminary pretrial conference, and the parties want to discuss enter discussion points.

8. **Discovery Practice**

☒ The parties confirm they will comply with their duty to confer with the opposing party in a good faith effort to resolve any discovery dispute before filing a motion. *See* Local Rule 3.01(g); *Middle District Discovery* (2021) at § I.A.2.

9. **Discovery Plan**

The parties submit the following discovery plan under Rule 26(f)(2):

A. The parties agree to the timing, form, or requirement for disclosures under Rule 26(a):

☒ Yes.

   ☐ No; instead, the parties agree to these changes: enter changes.

B. Discovery may be needed on these subjects:

Discovery may be needed to address factual matters related to Plaintiffs' claims against Defendants as alleged in the Complaint. Discovery may also may be needed to address factual matters related to any defenses raised by Defendants.

C. Discovery should be conducted in phases:

 ☒ No.
 ☐ Yes; describe the suggested phases.

D. Are there issues about disclosure, discovery, or preservation of electronically stored information?

 ☒ No.
 ☐ Yes; describe the issue(s).

E. ☒ The parties have considered privilege and work-product issues, including whether to ask the Court to include any agreement in an order under Federal Rule of Evidence 502(d).

F. The parties stipulate to changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure and Local Rule 3.04 or other limitations:

 ☐ No.
 ☒ Yes; the parties agree each side will have ten depositions in addition to the depositions of each opposing party; plaintiffs will have a total of 30 requests for admissions, and each defendant will have 10 requests for admissions; disclosures and discovery may be served electronically; the parties will coordinate the scheduling of depositions so that each witness will only be deposed once, and each party wishing to depose the witness will attend the same deposition; the parties have no objection to conducting depositions remotely, but each party retains the right to hold an in-person deposition.

10. **Request for Special Handling**

☒ The parties do not request special handling.

☐ The parties request special handling. Specifically, describe requested special handling.

☐ Enter party's name unilaterally requests special handling. Specifically, describe requested special handling.

11. **Certification of familiarity with the Local Rules**

☒ The parties certify that they have read and are familiar with the Court's Local Rules.

6

Dated: September 12, 2022

Respectfully submitted,

**ATTORNEYS FOR PLAINTIFFS:**

**ATTORNEYS FOR DEFENDANTS:**

**By: /s/ Debra Dandeneau**
Debra Dandeneau, Esq. (FBN 978360)
L Andrew S. Riccio, Esq. (FBN 91978)
Baker McKenzie LLP
452 Fifth Avenue
New York, NY 10018
(212) 626-4100
debra.dandeneau@bakermckenzie.com
andrew.riccio@bakermckenzie.com

**By: /s/ Amy D. Envall**
Amy D. Envall, Esq.
Office of Legal Services
Orange County Public Schools
445 W. Amelia Street
Orlando, FL 32801
(407) 317-3411 telephone
(407) 317-3348 facsimile
Amy.envall@ocps.net

-And-

- And -

Angela Vigil, Esq. (FBN 38627)
Baker McKenzie LLP
1111 Brickell Avenue
Suite 1700
Miami, FL 33131
(305) 789-8900
angela.vigil@bakermckenzie.com
**BAKER MCKENZIE LLP**

**By: /s/ Howard S. Marks**
Howard S. Marks, Esq. (Lead Counsel)
Sheena A. Thakrar, Esq.
Burr & Forman LLP
200 South Orange Ave.
Suite 800
Orlando, FL 32801
(407) 540-6600 Telephone
(407) 540-540-6601 Facsimile
hmarks@burr.com
sthakrar@burr.com
echaves@burr.com
mjett@burr.com
**ATTORNEYS FOR THE SCHOOL BOARD OF ORANGE COUNTY, FLORIDA**

**By: /s/ Camilla B. Taylor**
Camilla B. Taylor, Esq.
Pro Hac Vice granted
Lambda Legal Defense and Education Fund, Inc.
Midwestern Regional Office
65 E. Wacker Pl., Suite 2000
Chicago, IL, 60601
(312) 663-4413
ctaylor@lambdalegal.org

**By: /s/ Matthew J. Carson**
SNIFFEN & SPELLMAN, P.A.
Matthew J. Carson, Esq. (Lead Counsel)
Terry J. Harmon, Esq.
Robert J. Sniffen, Esq.
Jeffrey D. Slanker, Esq.
123 N Monroe Street
Tallahassee, FL 32301
(850) 205-1996 Telephone

-And-

Paul D. Castillo, Esq.
Pro Hac Vice granted
Lambda Legal Defense and Education Fund, Inc.

South Central Regional Office
3500 Oak Lawn Ave., Ste. 500
Dallas, TX 75206
(214) 219-8585
pcastillo@lambdalegal.org

-And-

Kell L. Olson, Esq.
Pro Hac Vice granted
Lambda Legal Defense and Education Fund, Inc.
Western Regional Office
4221 Wilshire Boulevard, Suite 280
Los Angeles, CA 90010-3512
(213) 382-7600
kolson@lambdalegal.org
**LAMBDA LEGAL DEFENSE AND EDUCATION FUND, INC.**


*By: /s/ Jennifer Vail*
Jennifer Vail, Esq.
Pro Hac Vice granted
Southern Poverty Law Center
400 Washington Avenue
Montgomery, AL 36104
jennifer.vail@splcenter.org

-And-

Bacardi Jackson, Esq. (FBN 47728)
Scott McCoy, Esq. (FBN 1004965)
Sam Boyd, Esq. (FBN 1012141)
Southern Poverty Law Center
2 Biscayne Boulevard, Suite 3750
Miami, FL 33131
bacardi.jackson@splcenter.org
scott.mccoy@splcenter.org
sam.boyd@splcenter.com
**SOUTHERN POVERTY LAW CENTER**

(850) 205-3004 Facsimile
mcarson@sniffenlaw.com
tharmon@sniffenlaw.com
rsniffen@sniffenlaw.com
jslanker@sniffenlaw.com
**ATTORNEYS FOR THE SCHOOL BOARD OF INDIAN RIVER COUNTY, FLORIDA**

*By: /s/ Jon Robert Phillips*
Jon Robert Phillips, Esq. (Lead Counsel)
Laura Boeckman, Esq.
Office of General Counsel
City of Jacksonville
117 West Duval Street
Suite 480
Jacksonville, FL 32202
(904) 255-5100 Telephone
(904) 255-5120 Facsimile
jphillips@coj.net
lboeckman@coj.net
cstephenson@coj.net
**ATTORNEYS FOR THE SCHOOL BOARD OF DUVAL COUNTY, FLORIDA**

*By: /s/ A. Patricia Morales*
A. Patricia Morales, Esq.
Erik Bell, Esq.
Sean Fahey, Esq.
Office of the General Counsel
Palm Beach County School District
3318 Forest Hill Blvd., C-331
West Palm Beach, FL 33406
(561) 434-8750
Anna.morales@palmbeachschools.org
jon.bell@palmbeachschools.org
Sean.fahey@palmbeachschools.org
**ATTORNEYS FOR THE SCHOOL BOARD OF PALM BEACH COUNTY, FLORIDA**

8

| | |
|---|---|
| *By: /s/ Simone Chriss* | *By: /s/ Anita J. Patel* |
| Simone Chriss, Esq. (FBN 124062) | Henry Charles Whitaker (Lead Counsel) |
| Jodi Siegel, Esq. (FBN 511617) | Anita J. Patel |
| Southern Legal Counsel, Inc. | Bilal Ahmed Faruqui |
| 1229 NW 12th Avenue | PL-01 The Capitol |
| Gainesville, FL 32601 | Tallahassee, FL 32399 |
| (352) 271-8890 | Henry.whitaker@myfloridalegal.com |
| simone.chriss@southernlegal.org | Anita.Patel@myfloridalegal.com |
| jodi.siegel@southernlegal.org | Bilal.Faruqui@myfloridalegal.com |
| **SOUTHERN LEGAL COUNSEL, INC.** | **FLORIDA ATTORNEY GENERAL'S OFFICE** |

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on September 12, 2022, I electronically served the foregoing document on all counsel of record or pro se parties identified on the attached Service List through the Court's CM/ECF filing system.

> By: */s/ Debra A. Dandeneau*
> Debra A. Dandeneau