## IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF FLORIDA

**JENNIFER COUSINS**, et al.,
    *Plaintiffs*,

    v.                         No. 6:22-cv-1312-WWB-LHP

**THOMAS R. GRADY**, et al.,
    *Defendants*.

_____/

### DEFENDANTS' MOTION TO STAY DISCOVERY

Pending before the Court are motions to dismiss submitted by all Defendants. *See* ECF109, 110, 111, 112, 113. On January 11, 2023, well after those motions were submitted, Plaintiffs served sweeping discovery requests on the School Board Defendants. *See, e.g.*, Exh. A. For the reasons discussed below, Defendants respectfully ask the Court to stay discovery until their motions to dismiss are resolved.

### ARGUMENT

Although district courts enjoy significant discretion over docket management, the Eleventh Circuit has repeatedly held that "[f]acial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should . . . be resolved before discovery begins." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997) (footnote omitted); *accord Isaiah v. JPMorgan Chase Bank*, 960 F.3d 1296, 1308–09 (11th Cir. 2020); *Roman v. Tyco Simplex Grinnell*, 732 F. App'x 813, 815 (11th Cir. 2018); *Stepanovich v. City of Naples*, 728 F. App'x 891, 903 (11th Cir. 2018); *Roberts v. FNB S. of Alma*, 716 F. App'x 854, 857 (11th Cir. 2017); *Rivas v. Bank of N.Y. Mellon*, 676 F. App'x 926, 932 (11th Cir. 2017); *Redford v. Gwinnett Cnty. Jud. Cir.*, 350 F. App'x 341, 346 (11th Cir. 2009); *Dragash v. Fed. Nat'l Mortg. Ass'n*, 700

F. App'x 939, 946–47 (11th Cir. 2017); *Moore v. Potter*, 141 F. App'x 803, 807 (11th Cir. 2005).

Resolving dispositive motions before discovery avoids "unnecessary costs to the litigants and to the court system." *Chudasama*, 123 F.3d at 1368; *see Lawrence v. Governor of Ga.*, 721 F. App'x 862, 864 (11th Cir. 2018) ("warn[ing]" of "the dangers of allowing a case to proceed through the pretrial processes with a potentially invalid claim"). This case is no exception. Indeed, resolving the pending motions pre-discovery is especially important here for four reasons.

**1.** Without subject-matter jurisdiction, "the court cannot proceed at all in any cause." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (quoting *Ex parte McCardle*, 7 Wall. 506, 514 (1868)). That is no less true of discovery. Because "[t]he subpoena power of a court cannot be more extensive than its jurisdiction," *U.S. Cath. Conf. v. Abortion Rts. Mobilization, Inc.*, 487 U.S. 72, 76 (1988), subject-matter jurisdiction questions pose a threshold determination to ensure the court has "the authority to mandate that the parties engage in discovery," *Seaway Two Corp. v. Deutsche Lufthansa Aktiengesellschaft*, No. 06-cv-20993, 2006 WL 8433652, at *1 (S.D. Fla. Nov. 17, 2006). Thus, when there are "serious doubts regarding subject matter jurisdiction," courts ordinarily stay discovery until those doubts are resolved. *Duo-Regen Techs., LLC v. 4463251 Can., Inc.*, No. 8:13-cv-2108, 2014 WL 12618711, at *1 (M.D. Fla. Feb. 14, 2014); *accord Latele Prods., Inc. v. Azteca Int'l Corp.*, No. 16-cv-25347, 2018 WL 11350654, at *1 (S.D. Fla. Dec. 18, 2018).

Here, the Court has previously dismissed Plaintiffs' complaint for failure to plead standing (a genre of subject-matter jurisdiction), and serious doubts remain on that score.

*See* ECF81, 112. The Court should resolve those doubts before allowing Plaintiffs to take discovery.

**2.** Beyond that, each of Plaintiffs' claims is legally insufficient for multiple additional independent reasons. Their equal protection claim, for example, fails both because they do not plausibly allege discriminatory purpose and for the more basic reason that "the gravamen of an equal protection claim is differential governmental treatment, not differential governmental messaging," *Moore v. Bryant*, 853 F.3d 245, 250 (5th Cir. 2017), and HB 1557 does not subject Plaintiffs (or anyone else) to differential treatment. Like other curricular standards, the statute subjects all teachers to the same restriction on "classroom instruction" and thus operates equally on all students' education.

While Plaintiffs' other claims fare no better, the implausibility of Plaintiffs' equal protection claim is especially significant because that motive- and effect-based claim is Plaintiffs' only arguable path to discovery. Vagueness is, of course, always a question of law. So are Plaintiffs' First Amendment claims, which are subject, at most, to rational-basis review. The content of public-school curricula is plainly government speech. *See Chiras v. Miller*, 432 F.3d 606, 618 (5th Cir. 2005); *see Kennedy v. Bremerton Sch. Dist.*, 142 S. Ct. 2407, 2411 (2022) (explaining that a high school coach "instructing players" is government speech because it is the "speech the [school d]istrict paid him to produce"). But even student speech that is part of school-sponsored activity may be restricted in a manner "reasonably related to legitimate pedagogical concerns." *Hazelwood Sch. Dist. v. Kuhlmeier*, 484 U.S. 260, 273 (1988). That test asks not what the State actually

concluded, but what it "could reasonably have concluded," *id.* at 275, a question of law. Plaintiffs thus have little or no need for the discovery they seek.

A stay of discovery is therefore warranted because the complaint faces a serious, case-dispositive challenge. *See, e.g.*, *Chevaldina v. Katz*, No. 17-cv-22225, 2017 WL 6372620, at *3 (S.D. Fla. Aug. 28, 2017) (good cause for a stay when, in light of motion to dismiss, "Plaintiff's entire cause of action before this Court may be dismissed"); *Prohias v. Asurion Corp.*, No. 05-cv-22259, 2006 WL 8433152, at *1 (S.D. Fla. Jan. 10, 2006) (good cause when, after taking "preliminary peek" to determine that the defendant's motion was "truly case dispositive," the court determined that the motion could result in full dismissal). But even assuming some part of the complaint will survive, it is exceedingly unlikely that Plaintiffs will ultimately need discovery for all of their claims, which independently justifies a stay. *See, e.g.*, *Khan v. Bankunited, Inc.*, No. 8:15-cv-2632, 2016 WL 4718156, at *1 (M.D. Fla. May 11, 2016) (granting stay because motion to dismiss "will potentially narrow the scope of discovery in a case of this complexity and size"). For these reasons, Plaintiffs' dozens of requests for production are unduly burdensome and all the more reason to grant the stay.

**3.** Plaintiffs will no doubt oppose a stay by claiming that they are harmed by a delay. But Plaintiffs have filed a motion for a preliminary injunction, which is fully briefed and ripe for decision. If Plaintiffs prevail on that motion, then the injunction will protect them during the pendency of the litigation. And if they are wrong, then Plaintiffs will have failed to prove that they face substantial harm during the pendency of this litigation. Either

way, the Court's forthcoming ruling on the preliminary injunction will resolve Plaintiffs' concerns about delay.

In any event, this Court's scheduling order permits ample time to complete discovery even with a short stay. Currently, discovery closes on April 5, 2024. ECF75. Given that more than a year remains to complete discovery, the Parties are likely to meet the discovery cutoff even if the Court grants a brief stay. And if they are not, the schedule "can be amended." *Duo-Regen Techs., LLC*, 2014 WL 12618711, at *2.

Nor are Plaintiffs able to complain about a brief delay in getting discovery. They, after all, did not seek discovery for the first six months that this case has been pending. Having foregone the need for speed in discovery for half a year, Plaintiffs cannot now object to a brief delay while the pending motions to dismiss are decided.

**4.** A stay of discovery would be especially justified here in light of Judge Winsor's order staying discovery in *Equality Florida v. DeSantis*, No. 4:22-cv-134, ECF89 (N.D. Fla. July 21, 2022). There, another group of plaintiffs sued many of the same parties who are defendants here, challenging the same law at issue here, making many of the same arguments Plaintiffs make here. And when the *Equality Florida* plaintiffs served discovery on the defendants, Judge Winsor stayed discovery for essentially the same reasons discussed above, under materially the same circumstances presented here. As in *Equality Florida*, (1) Plaintiffs' "response to the motions is due shortly, and the issues will soon be ripe for resolution," so "the stay [will] not lead to substantial delay," (2) Plaintiffs

"have not moved quickly" in seeking discovery, and (3) "the issues raised in the motions to dismiss" "counsel in favor of a stay." *Equality Florida*, ECF 89 at 1–2.

A stay here is warranted here as a matter of comity and consistency. Moreover, because some of the defendants here are also defendants in *Equality Florida*, a stay here is necessary to ensure that Plaintiffs do not undercut the efficiency Judge Winsor hoped to gain by staying discovery while dispositive motions remain pending.

## CONCLUSION

For the foregoing reasons, the Court should stay discovery pending a decision on the motions to dismiss.

Respectfully submitted,

ASHLEY MOODY
ATTORNEY GENERAL

*/s/ Jon Robert Phillips*
Jon Robert Phillips, Esq.
Laura Boeckman, Esq.
Office of General Counsel
City of Jacksonville
117 West Duval Street
Suite 480
Jacksonville, FL 32202
(904) 255-5100 Telephone
(904) 255-5120 Facsimile
jphillips@coj.net
lboeckman@coj.net
cstephenson@coj.net

*Counsel for the School Board of
Duval County, Florida*

*/s/ Daniel William Bell*
Daniel William Bell (FBN 1008587)*
CHIEF DEPUTY SOLICITOR GENERAL
*Lead Counsel
Henry C. Whitaker (FBN 1031175)
SOLICITOR GENERAL
daniel.bell@myfloridalegal.com

Anita Patel (FBN 70214)
ASSISTANT ATTORNEY GENERAL
Office of the Attorney General
The Capitol, Pl-01
Tallahassee, Florida 32399-1050
(850) 414-3300
anita.patel@myfloridalegal.com

*Counsel for the State Defendants*

*/s/ Matthew J. Carson*
MATTHEW J. CARSON
Florida Bar Number: 0827711
mcarson@sniffenlaw.com
SNIFFEN & SPELLMAN, P.A.
123 North Monroe Street
Tallahassee, Florida 32301
Telephone: (850) 205-1996
Facsimile: (850) 205-3004

*Counsel for the School Board of
Indian River County, Florida*

*/s/ Sean Fahey*
SEAN FAHEY, ESQ.
Florida Bar 0101083
Office of General Counsel, SBPBC
3300 Forest Hill Blvd., Suite C-331
West Palm Beach, FL  33406
Telephone: 561-434-8683
Facsimile:  561-434-8105
sean.fahey@palmbeachschools.org

*Counsel for the School Board of
Palm Beach County, Florida*

*/s/ Sheena A. Thakrar*
HOWARD S. MARKS (FL Bar
#0750085)
Email: hmarks@burr.com
Secondary Email: echaves@burr.com
Secondary Email: mjett@burr.com
SHEENA A. THAKRAR (FL Bar
#871141)
Email: sthakrar@burr.com
Secondary Email: echaves@burr.com
Secondary Email: mjett@burr.com
BURR & FORMAN LLP
200 S. Orange Avenue, Suite 800
Orlando, Florida 32801
Tel: (407) 540-6600

*Counsel for the School Board of
Orange County, Florida*

pag

**LOCAL RULE 3.01(g) CERTIFICATION**

Undersigned counsel certifies that Defendants conferred with Plaintiffs on the relief requested herein and that the motion is opposed.

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was filed with the Court's CM/ECF system, which provides notice to all parties, on January 23, 2022.

/s/ Daniel William Bell
Daniel William Bell