# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

JENNIFER COUSINS, MATTHEW
COUSINS, P.C., M.C., S.C., N.C.,
WILL LARKINS, DAVID DINAN,
VIKRANTH REDDY GONGIDI,
K.R.D., R.R.D. and CENTERLINK,
INC.,

                Plaintiffs,

v.                                      Case No:   6:22-cv-1312-WWB-LHP

THE SCHOOL BOARD OF ORANGE
COUNTY, FLORIDA, THE SCHOOL
BOARD OF INDIAN RIVER
COUNTY, FLORIDA, THE SCHOOL
BOARD OF DUVAL COUNTY,
FLORIDA, THE SCHOOL BOARD OF
PALM BEACH COUNTY, FLORIDA,
THOMAS R. GRADY, BEN GIBSON,
MONESIA BROWN, ESTHER BYRD,
GRAZIE P. CHRISTIE, RYAN PETTY
and JOE YORK,

                Defendants

_____

## ORDER

This cause came on for consideration without oral argument on the following

motions filed herein:

> **MOTION:   DEFENDANTS' MOTION TO STAY DISCOVERY**
> **(Doc. No. 126)**

| | |
|---|---|
| **FILED:** | **January 23, 2023** |

**THEREON** it is **ORDERED** that the motion is **DENIED**.

| | |
|---|---|
| **MOTION:** | **SCHOOL BOARD DEFENDANTS' TIME-SENSITIVE MOTION FOR AN EXTENSION OF TIME TO RESPOND TO PRODUCTION REQUESTS DURING PENDENCY OF STAY MOTION (Doc. No. 129)** |
| **FILED:** | **February 1, 2023** |

**THEREON** it is **ORDERED** that the motion is **GRANTED**.

I.     BACKGROUND.

On July 25, 2022, Plaintiffs filed a complaint challenging Florida Statute § 1001.42(8)(c) (2022) ("HB 1557"), seeking declaratory judgment and preliminary and permanent injunctive relief against Defendants.   Doc. No. 1.   Plaintiffs thereafter filed an amended complaint, and a motion for preliminary injunction. Doc. Nos. 45, 79.   The Court denied the motion for preliminary injunction and dismissed the amended complaint without prejudice, finding, among other things, that the amended complaint constituted a shotgun pleading, failed to properly allege certain claims, and failed to establish Article III standing.   Doc. No. 81.

On November 3, 2022, Plaintiffs filed a second amended complaint.   Doc. No. 82.   Plaintiffs have also renewed their request for a preliminary injunction.

Doc. No. 103.   Defendants, for their part, oppose the motion for preliminary injunction, and they all have moved to dismiss the second amended complaint. Doc. Nos. 109–13, 117, 120–22, 124.

Now, based on the pendency of the motions to dismiss and discovery propounded on the School Board Defendants on January 11, 2023, Defendants collectively seek a stay of all discovery pending resolution of those motions.   Doc. Nos. 126, 126-1.   Plaintiffs oppose.   Doc. No. 131.   The motion has been referred to the undersigned, and the matter is ripe for review.

The School Board Defendants have also filed a motion for extension of time to respond to the January 11, 2023 discovery, asking that their response deadline be extended until fourteen days after the Court's ruling on the motion to stay discovery.   Doc. No. 129.   Plaintiffs have filed their response in opposition.   Doc. No. 132.   This motion has also been referred to the undersigned, and is ripe as well.

Upon consideration, the motion to stay discovery in toto (Doc. No. 126) will be denied, and the School Board Defendants' alternative request for an extension of time to respond to the discovery (Doc. No. 129) will be granted.

## II.    MOTION TO STAY DISCOVERY (Doc. No. 126).

Defendants collectively argue that there are "serious doubts" about the Court's subject matter jurisdiction, *i.e.*, whether Plaintiffs have standing.   Doc. No. 126, at 2–3.   Defendants also argue that even outside of the standing issue, Plaintiffs

claims are legally insufficient.   *Id.* at 3–4.   So, according to Defendants, their motions to dismiss are case dispositive, and a stay of discovery is warranted.   *Id.* at 2–4 (relying on, *inter alia*, *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353 (11th Cir. 1997)).   Defendants also rely on a similar case pending in the Northern District of Florida, *M.A., et al. v. Florida State Board of Education, et al.*, No. 4:22-cv-134, Doc. No. 89 (N.D. Fla. July 21, 2022), in which that court stayed discovery during the pleading stage of the case.   *Id.* at 5–6.   Defendants further contend that Plaintiff will not suffer prejudice by lack of a stay, given that Plaintiffs have foregone discovery for "half of a year," and that even if some portion of the second amended complaint survived their motions to dismiss, "it is exceedingly unlikely that Plaintiffs will ultimately need discovery for all of their claims," thus independently justifying a stay.   *Id.* at 4, 5.

Plaintiffs oppose, arguing that Defendants have not carried their burden of demonstrating that a stay of discovery is warranted, in particular disagreeing with Defendants' characterizations of the second amended complaint and contending that they have adequately alleged standing.   Doc. No. 131, at 5–6.   Plaintiffs also argue prejudice by imposition of a stay.   *Id.* at 7.   And Plaintiffs distinguish *M.A., et al. v. Florida State Board of Education, et al.*, No. 4:22-cv-134, Doc. No. 89 (N.D. Fla. July 21, 2022), arguing that stays of discovery are disfavored in the Middle District

of Florida, and unlike in that case, there are no issues regarding Eleventh Amendment immunity here.   *Id.*

The Court has broad discretion to stay discovery as part of its inherent authority to control its docket.   *Clinton v. Jones*, 520 U.S. 681, 706 (1997).   *See also Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1560 (11th Cir. 1985) ("[A] magistrate has broad discretion to stay discovery pending decision on a dispositive motion.").   However, motions to stay discovery pending a ruling on a dispositive motion are generally disfavored.   *See* Middle District Discovery (2021) § (I)(E)(4) ("Normally, the pendency of a motion to dismiss . . . will not justify a unilateral motion to stay discovery pending resolution of the dipositive motion.   Such motions for stay are rarely granted.   However, unusual circumstances may justify a stay of discovery in a particular case upon a specific showing of prejudice or undue burden.").   Indeed, "when discovery is delayed or prolonged it can create case management problems which impede the Court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems."   *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997) (quoting *Simpson v. Specialty Retail Concepts, Inc.*, 121 F.R.D. 261 (M.D.N.C. 1988)).

The moving party bears the burden of showing good cause to stay discovery. *Id.*; Middle District Discovery (2021) § (I)(E)(4).   In determining whether a stay of discovery is warranted, the Court must balance the harm produced by delay against

the possibility that the dispositive motion will be granted and entirely eliminate the need for discovery. *Feldman*, 176 F.R.D. at 652. In making this determination, "it is necessary for the Court to take a preliminary peek at the merits of the motion to dismiss to see if it appears to be clearly meritorious and truly case dispositive." *Id.* at 652–53 (quotations omitted).

Upon consideration, Defendants have not shown good cause for a stay of discovery. To begin, the Defendant's reliance on *Chudasama* is misplaced. "[N]othing in *Chudasama* states that discovery must be stayed pending a decision on a motion to dismiss or that such a motion must be resolved before discovery can begin." *Taser Int'l, Inc. v. Phazzer Elecs., Inc.*, 754 F. App'x 955, 960 (11th Cir. 2018). "Instead, it stands for the much narrower proposition that courts should not delay ruling on a likely meritorious motion to dismiss while undue discovery costs mount." *Id.* (internal quotation marks omitted) (quoting *Koock v. Sugar & Felsenthal, LLP*, No. 8:09-cv-609-T-17EAJ, 2009 WL 2579307, at *2 (M.D. Fla. Aug. 19, 2009)). Thus, the mere fact that there are pending motions to dismiss does not, in and of itself, militate in favor of staying discovery. *See also* Middle District Discovery (2021) § (I)(E)(4).

Moreover, without expressing any opinion as to final resolution of the motions to dismiss, which remain pending before the presiding District Judge, the undersigned is not convinced that the motions to dismiss may be clearly case

- 6 -

dispositive, or that the allegations of the second amended complaint are "especially dubious" as the Court was faced with in *Chudasama*.   *See, e.g.*, *Wiand v. ATC Brokers Ltd.*, No. 8:21-cv-01317-MSS-AAS, 2022 WL 1239373, at *2 (M.D. Fla. Apr. 27, 2022) (denying stay of discovery based on motions to dismiss which alleged lack of standing and failure to state a claim, stating "the court cannot conclude at this time that the motions to dismiss will be granted and, even if so, whether such dismissal would be of the entire amended complaint, against each defendant, and with prejudice."); *Torres v. Wendy's Int'l, LLC*, No. 6:16-cv-210-Orl-40DCI, 2016 WL 7104870, at *3 (M.D. Fla. Nov. 29, 2016) (denying motion to stay discovery in face of motion to dismiss raising issues of standing and failure to state a claim, where the court was not convinced that the motion to dismiss was clearly meritorious, the defendant had not established undue burden, and a stay would hamper the progress of the case); *Feldman*, 176 F.R.D. at 653 (standing arguments in motion to dismiss were "not so clearly well taken so as to justify a discovery stay").

While a similar motion to stay discovery may have been granted in another court in this Circuit, *see M.A., et al. v. Florida State Board of Education, et al.*, No. 4:22-cv-134, Doc. No. 89 (N.D. Fla. July 21, 2022), that does not necessarily mean the cases are the same or that this Court will reach the same conclusions.   Indeed, there are issues of Eleventh Amendment immunity at issue in that case, which Defendants do not argue here.   *See id.*, Doc. No. 89, at 2.   And although a stay of discovery was

permitted there, notably, the plaintiffs have filed a second amended complaint in that case, at least one defendant has answered, and motions to dismiss by the other defendants remain unresolved to date.   *See id.* Doc. Nos. 123, 130–34, 137.   Thus, that case does not yet support Defendants' arguments here that the motions to dismiss are clearly meritorious or case dispositive.

Finally, Defendants' argument that Plaintiffs will not be prejudiced by a stay of discovery because Plaintiffs have "foregone the need for speed in discovery for half a year" is unpersuasive, given that discovery has only been open in this matter since approximately September 6, 2022.   *See* Doc. No. 63; Fed. R. Civ. P. 26(d)(1). And Defendants have not carried their burden of demonstrating "unusual circumstances," or specific burden or prejudice by lack of a stay.   *See* Middle District Discovery (2021) § (I)(E)(4).   Indeed, Defendants' lone statement that "Plaintiffs' dozens of requests for production are unduly burdensome," without more, does not suffice.   *See* Doc. No. 126, at 4.   *See also Wiand*, 2022 WL 1239373, at *2 (denying stay of discovery where the defendants did not establish good cause to justify the stay, and there was no finding that the defendants would be prejudiced or burdened by engaging in discovery before the motions to dismiss were resolved).

In sum, the undersigned finds that the harm produced by delay in staying discovery outweighs the possibility that the need for discovery will be entirely

eliminated.   *See Feldman*, 176 F.R.D. at 652.   Accordingly, the motion to stay discovery in toto (Doc. No. 126) will be denied.

**III.    MOTION FOR EXTENSION OF TIME (Doc. No. 129).**

The School Board Defendants ask for an extension of time to respond to the January 11, 2023 discovery served, until fourteen (14) days after resolution of the motion to stay.   Doc. No. 129.   The current response deadline is February 10, 2023.   *See* Doc. No. 126-1; Doc. No. 129, at 2.   Given that the motion to stay is resolved by this Order, the motion for extension of time (Doc. No. 129) will be granted, and the Court will permit the School Board Defendants an additional fourteen (14) days from the date of this Order to respond to the outstanding discovery.

**III.    CONCLUSION.**

For the reasons stated herein, it is **ORDERED** that:

1.      Defendants' Motion to Stay Discovery (Doc. No. 126) is **DENIED.**

2.      School Board Defendants' Time-Sensitive Motion for an Extension of Time to Respond to Production Requests During Pendency of Stay Motion (Doc. No. 129) is **GRANTED,** and the deadline for the School Board Defendants to respond to the January 11, 2023 discovery requests is extended up to and including **February 21, 2023.**

**DONE** and **ORDERED** in Orlando, Florida on February 7, 2023.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties