# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

| | |
|---|---|
| JENNIFER COUSINS, et al., | **Challenge to Constitutionality of Fla. Stat. Ann. § 1001.42(8)(c) (2022)** |
| *Plaintiffs* | |
| v. | |
| THOMAS R. GRADY, et al., | **Preliminary Injunctive Relief Requested** |
| *Defendants,* | |
| and | **Case No.: 6:22-cv-01312-WWB-LHP** |
| ASHLEY MOODY, Attorney General, | |
| *Defendant-Intervenor.* | |

## PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' OBJECTION TO ORDER DENYING STAY OF DISCOVERY

Pursuant to M.D. Fla. Admin. Order No. 8:20-mc-100-T-23, Plaintiffs submit this Response in Opposition to Defendants' Objection to Order Denying Stay of Discovery (ECF 134).

The Magistrate Judge considered Defendants' Motion to Stay Discovery (ECF 126) and denied it (ECF 133). Defendants filed an objection to the Magistrate Judge's Order (ECF 134). The standard for setting aside orders from a Magistrate Judge in non-dispositive matters is that district judges "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). For the reasons set forth below, Defendants have not shown that any part of the Order is clearly erroneous or contrary to law. Therefore, no stay is warranted.

1

Defendants argue that the Magistrate Judge misread the Eleventh Circuit case of *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353 (11th Cir. 1997) (ECF 134, at 1-3). The Magistrate Judge cites a more recent Federal Circuit case that interprets *Chudasama* and observes that "nothing in *Chudasama* states that discovery must be stayed pending a decision on a motion to dismiss" (ECF 133, at 6, quoting *Taser Int'l Inc. v. Phazzer Elecs., Inc.*, 754 F. App'x 955, 960 (Fed Cir. 2018)). Defendants take issue with the Magistrate Judge's characterization of *Taser Int'l Inc.*, but Defendants are simply wrong. *Taser Int'l Inc.* is a Middle District case that was appealed to the Federal Circuit. 745 F. App'x 955 (Fed. Cir. 2018). The Federal Circuit then interpreted Middle District procedure and rendered its decision. *Id.* In any case, the Federal Circuit is a persuasive authority, and citing its observations about *Chudasama* is not "clearly erroneous." *See Brandywine Communs. Techs., LLC v. Cellco P'ship*, No. 6:12-cv-275-Orl-36DAB, 2012 U.S. Dist. LEXIS 158406, at *14 (M.D. Fla. Nov. 5, 2012); *Brandywine Communs. Techs., LLC v. Casio Computer Co., Ltd.*, 912 F. Supp. 2d 1338, n.4 (M.D. Fla. 2012).

Defendants argue that *Chudasama* stands for the proposition that district courts should resolve facial challenges to the legal sufficiency of a claim before discovery begins (ECF 134, at 2). Defendants' cited cases, however, acknowledge that a stay is a matter of judicial discretion, and no case *requires* a stay. Therefore, the Magistrate Judge's reading of the law is not legally incorrect. "Importantly, the question for the district judge is not whether the magistrate judge's decision is 'the best or only conclusion that can be drawn from the evidence, or whether it is the one which the [district judge] would draw,' but rather whether the magistrate judge's decision is

2

reasonable and supported by the record." *Fla. Action Comm., Inc. v. Seminole Cnty.*, No. 6:15-cv-1525-Orl-40GJK, 2016 U.S. Dist. LEXIS 143735, at *3-4 (M.D. Fla. Oct. 18, 2016).

Defendants' argument that this Court should ignore the Middle District Discovery Handbook (ECF 134, at n.3) also does not demonstrate legal error. *First*, a stay of discovery is discretionary, so no legal error can result. *Second*, while the Middle District Discovery Handbook is "neither substantive law nor [an] inflexible rule; it is an expression of generally acceptable discovery practice in the Middle District." *Cake v. Casual Concepts, Inc.*, No. 3:16-CV-102-J-32PDB, 2017 U.S. Dist. LEXIS 145000, at *23 (M.D. Fla. Aug. 16, 2017). Indeed, it is "highly persuasive" in addressing discovery issues. *Crossman v. Carrington Mortg. Servs., LLC*, No. 3:19-CV-1081-J-39PBD, 2020 U.S. Dist. LEXIS 77940, at *4 (M.D. Fla. May 4, 2020). The Magistrate Judge was correctly guided by the Handbook in reiterating this District's preference of disfavoring a stay unless good cause is shown (ECF 133, at 5).

Defendants also argue that their pending motions to dismiss are likely to be dispositive (ECF 134, at 3). In so doing, Defendants merely cite to the recent dismissal of a separate case in another district (ECF 134, at 3, citing *M.A. v. DeSantis*, No. 4:22-cv-134 (N.D. Fla)). Although some of the issues in that case may overlap with the issues here, it involves different plaintiffs, different injuries, different defendants, and different claims and defenses. Therefore, the result in that case is not persuasive, much less dispositive of the outcome here. In any event, likelihood of success on the merits is but one factor that *Defendants* must prove and that the Magistrate Judge considered when refusing to issue a stay. Defendants do not specify any particular finding of the

3

Magistrate Judge *in this case* that is clearly erroneous. The Magistrate Judge did not express an opinion as to the final resolution of the motions to dismiss, but did conclude that they are not "clearly case dispositive" and that the allegations in the Second Amended Complaint are not "especially dubious" (ECF 133, at 6-7). Defendants have not argued that these findings are erroneous in any way, so no stay is warranted.

Finally, Defendants offer the conclusory assertion that the Magistrate Judge overlooked that a short stay poses no risk of prejudice (ECF 134, at 4). Defendants, however, ignore that the Magistrate Judge specifically found that "the harm produced by delay in staying discovery outweighs the possibility that the need for discovery will be entirely eliminated" (ECF 133, at 8-9). Defendants do not argue and do not provide any support for an argument that this is a clearly erroneous finding.

Respectfully submitted this 24th day of February, 2023.

By: */s/ Debra A. Dandeneau*
**Debra A. Dandeneau, Esq.** (FBN 978360)
Baker McKenzie LLP
452 Fifth Avenue
New York, NY 10018
(212) 626-4100
debra.dandeneau@bakermckenzie.com

**Simone Chriss, Esq.** (FBN 124062)
Southern Legal Counsel, Inc.
1229 NW 12th Avenue
Gainesville, FL 32601
simone.chriss@southernlegal.org

**Kell L. Olson, Esq.**
(admitted *pro hac vice*)
Lambda Legal Defense
and Education Fund, Inc.
800 South Figueroa St, Ste 1260
Los Angeles, CA 90017
kolson@lambdalegal.org

**Jennifer Vail, Esq.**
(admitted *pro hac vice*)
Southern Poverty Law Center
400 Washington Avenue
Montgomery, AL 36104
jennifer.vail@splcenter.org

*On behalf of Plaintiffs and all Counsel for Plaintiffs*